[Civ. No. 21217.   Second Dist., Div. One.   Dec. 5, 1955.]

MARTINE G. ETCHEPARE, Respondent, v. EDWIN C. EHMKE et al., Appellants.

J. Howard Sullivan and Matthew L. Hatfield for Appellants.

A. F. Weltner for Respondent.

THE COURT.—On June 7, 1954, pursuant to a telephone conversation with defendant's counsel, plaintiff's attorney phoned the clerk for a trial date, prepared a stipulation "that the above entitled matter now off calendar subject to being reset 30 days from March 31, 1954, be set for trial September 22, 1954, at 9:15 a. m. in Department 1 of the above entitled court, without prejudice to either party," and forwarded it to defendants' attorney for his signature. On June 11th, the signed stipulation was received by plaintiff's attorney with a covering letter from defendants' counsel. The stipulation was filed June 18, 1954, and on the same day, pursuant thereto, the cause was so set for trial.

September 22, 1954, there being no appearance on behalf of defendants, plaintiff's attorney phoned the office of defendants' attorney and "spoke to one who represented herself to be a secretary and also to another person who stated he was an associate of" defendants' attorney; and said persons told him that defendants' attorney "was out of town and that his secretary was away on vacation." He informed the presiding judge of said conversations and the action was then transferred to Department 15 for trial. Plaintiff was sworn and testified and judgment was rendered in favor of Martine G. Etchepare as plaintiff and cross-defendant. Sep-

tember 28, 1954, judgment was filed providing "that plaintiff do have and recover from defendants the sum of $5,250."

September 27th, the day before it was signed and filed, plaintiff's attorney mailed to defendants' attorney a copy of the judgment prepared by him. The judgment was entered on October 5, 1954, and notice of entry of judgment was mailed to defendants' attorney on October 6, 1954.

March 31, 1955, notice of motion to set aside judgment under section 473, Code of Civil Procedure, was served and filed. The motion specifies that the judgment was entered through the mistake, inadvertence, surprise, and excusable neglect of defendants and cross-complainants' counsel, and is based upon the answer and cross-complaint and "the affidavit of J. Howard Sullivan" filed therewith, and upon all the records and files in the above entitled action.

The affidavit of defendants' said attorney filed with said notice of motion is the only basis in the record on the instant appeal upon which relief under section 473 could have been granted. The relevant portions thereof are as follows: ". . . that on the 17th day of September, 1954, your affiant called the Calendar Clerk of Department 1 for the purpose of determining whether the trial of the above entitled matter was on the Master Calendar of Department 1 on September 22, 1954 at which time he was informed that there was no Stipulation there and that the earliest date for trial would be December 22, 1954, which date had been reserved for this matter . . . that because of the information given to him by the Calendar Clerk, which evidently was erroneous, your affiant did leave town for a period of two weeks.

" .    .    .    .    .    .    .    .    .    .    .    .

"That plaintiff and cross-defendant did not serve a Notice of Trial pursuant to C.C.P. 594 on defendants and cross-complainants."

"The court may, upon such terms as may be just, relieve a party . . . from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect." (Code Civ. Proc., § 473.)

In the instant action, defendants' attorney had signed a stipulation for trial on September 22d, and had sent it to plaintiff's attorney for filing. He had thereby waived his right to notice of trial under Code of Civil Procedure, section 594. He knew the date of the trial.

According to his affidavit, on the 17th of September, five days before the stipulated trial date, he telephoned the calen-

dar clerk and was misinformed. Then, without checking the file or docket in the clerk's office, without telephoning plaintiff's attorney regarding the filing of the stipulation or the chances of going to trial, and without any arrangement for trial on the 22d or for a continuance, he "left town for two weeks."

■ The burden of proving excusable neglect is upon the defendant who must establish his thesis by a preponderance of the evidence. (*Bruskey* v. *Bruskey*, 4 Cal.App.2d 472, 479 [41 P.2d 203]; *Caton* v. *Caton*, 131 Cal.App.2d 451, 458 [280 P.2d 876].) ■ To decide whether the burden has been met in this respect is the duty of the trial court and an order granting or denying a motion to vacate a judgment will not be reversed on appeal unless an abuse of discretion is clearly shown.

■ In *Shearman* v. *Jorgensen*, 106 Cal. 483 [39 P. 863], where defendant's attorney prepared an answer and then, through inadvertence, filed it in his own office instead of filing it in court, the order vacating the default judgment was reversed and, at page 485, it was said: "Inadvertence in the abstract is no plea upon which to set aside a default . . . if the inadvertence is wholly inexcusable, as if it arises from gross negligence, the court will not look upon it kindly, and will have none of it." (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523, 528 [190 P.2d 593].) Defendants and their attorneys must be guided by the rules of legal procedure in the conduct of a lawsuit. (*Caton* v. *Caton*, 131 Cal.App.2d 451, 458 [280 P.2d 876].)

The record on the instant appeal fails to show any abuse of discretion in denying appellants' motion to vacate the judgment.

The portion of the affidavit of defendants' attorney not quoted above expresses his excuses for his delay of five and a half months before seeking relief under section 473. Since his failure to appear at the trial was held not to have been the result of "mistake, inadvertence, surprise or excusable neglect," the reason for the subsequent delay is immaterial.

The order is affirmed.