[No. A038861. First Dist., Div. Two. Jan. 5, 1988.]

*HAROLD KENDALL, Plaintiff and Appellant, v.
ED BARKER, Defendant and Respondent.

*Reporter's Note: This case was previously entitled "Kendall v. Allied Investigations, Inc."

COUNSEL

Arlo Hale Smith for Plaintiff and Appellant.

Turpen A. Daughters for Defendant and Respondent.

OPINION

SMITH, J.—Plaintiff-appellant Harold Kendall appeals from an order of the trial court granting defendant-respondent Ed Barker relief from entry of a default under California Code of Civil Procedure section 473.[1] We reverse.

BACKGROUND

On May 3, 1985, appellant filed a complaint for damages for breach of employment agreement in Alameda County Superior Court. Allied Investigations, Inc., and DOES 1 through 50 were named as defendants. On November 7, 1985, respondent was personally served as "Doe I." Proof of service was filed with the court on July 14, 1986. On July 18, 1986, appellant's counsel sent a letter to Dennis Sullivan, the attorney for Allied Investigations, of which respondent was president. The letter enclosed a copy of proof of personal service of summons and complaint, informed Mr. Sullivan that respondent had been joined as a defendant in the subject action and advised that a responsive pleading by respondent was expected by September 1, 1986.

When no response to the July 18 letter was forthcoming, appellant served by mail a request to enter respondents' default. Both Sullivan and respondent individually were served with the request on September 30 and the default was actually entered by the clerk on October 6, 1986. In late October respondent's counsel, Turpen Daughters, contacted appellant's attorney for the first time. In the conversation, Daughters acknowledged that respondent had received the request for entry of default mailed on September 30, 1986, and that Sullivan had received and not responded to the July 18, 1986, warning letter.

On January 26, 1987, the trial court rendered a default judgment in favor of appellant in the amount of $18,931. On March 30, 1987, respondent, through Daughters, filed a motion for relief from default. The motion was filed five months and twenty-four days after the default had been entered

---

[1] Unless otherwise indicated, all section references are to the Code of Civil Procedure.

and was the first communication appellant's attorney had received from Daughters since the October telephone conversation. The only evidence in support of the motion for relief was Daughters's declaration which stated: "It is my information and belief that Allied's previous attorney in this matter excusably neglected to answer the complaint." On May 13, 1987, the trial court granted respondent's motion to set aside the default and directed payment of $500 to appellant in sanctions for respondent's "long delay in seeking relief from default."

## APPEAL

Appellant seeks reversal of the order granting relief under section 473. He contends that the trial court abused its discretion by granting relief where no competent evidence in support of relief was shown, where respondent waited almost six months to seek relief from default and where there was a failure to explain or excuse the delay once such application was for relief was made. We agree.

## I

Section 473 provides that the court may, on such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. Application for such relief must be made within a reasonable time, in no case exceeding six months after such judgment, order, or proceeding was taken.

An application for relief under section 473 is addressed to the sound discretion of the trial judge. (*Carroll* v. *Abbott Laboratories* (1982) 32 Cal.3d 892, 897 [187 Cal.Rptr. 592, 654 P.2d 775].) However, as the court stated in *Carroll,* that discretion, " 'is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' [Citations.]" (*Id.,* at pp. 897-898.)

While section 473 authorizes a court to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, "these words are not meaningless, and the party requesting such relief must *affirmatively show* that the situation is one which clearly falls within such category." (*Estate of Wolper* (1956) 146 Cal.App.2d 249, 251 [303 P.2d 578], italics added.) "[A] party who seeks relief under [section 473] must make a showing that due to some mistake, either of fact or of law, of himself or of his counsel, or through some inadvertence, surprise or neglect which may properly be considered excusable, the judgment or order from which

he seeks relief should be reversed. In other words, a burden is imposed upon the party seeking relief to show why he is entitled to it, and the assumption of this burden necessarily requires the production of evidence. [Citations.]" (*Hewins* v. *Walbeck* (1943) 60 Cal.App.2d 603, 609-610 141 [P.2d 241]; accord, *Tom Thumb Glove Co.* v. *Han* (1978) 78 Cal.App.3d 1, 5 [144 Cal.Rptr. 30].) In a motion under section 473 the intial burden is on the moving party to prove excusable neglect by a "preponderance of the evidence." (*Price* v. *Hibbs* (1964) 225 Cal.App.2d 209, 215 [37 Cal.Rptr. 270]; *Etchepare* v. *Ehmke* (1955) 137 Cal.App.2d 508, 511 [290 P.2d 374]; *Weinberger* v. *Manning* (1942) 50 Cal.App.2d 494, 497 [123 P.2d 531].)

Respondent's entire substantive showing in support of his motion for relief consisted of a conclusory declaration by his counsel stating on information and belief that respondent's previous attorney "excusably neglected" to answer the complaint. ■ A statement made without personal knowledge and solely upon information and belief is hearsay and no proof of the facts contained therein. (*Star Motor Imports Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 205 [151 Cal.Rptr. 721]; *Jeffers* v. *Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623 [286 P.2d 30].) Moreover, affidavits or declarations setting forth only conclusions, opinions or ultimate facts are insufficient. (*Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 834 [239 Cal.Rptr. 846]; *Atiya* v. *Di Bartolo* (1976) 63 Cal.App.3d 121, 126 [133 Cal.Rptr. 611].) In other words, the declaration offered by respondent in support of relief was not competent to prove anything. A fortiori, it did not meet the "preponderance of the evidence" standard which is a predicate for the granting of a section 473 motion.

In language most appropriate here, the Court of Appeal in *Davis* v. *Thayer* (1980) 113 Cal.App.3d 892 [170 Cal.Rptr. 328] stated: "[T]he moving party must present a reasonable excuse. 'The reasons, the causes, and the excuses for the inadvertence are matters which concern the court, and these are not stated. *Inadvertence in the abstract is no plea upon which to set aside a default.* The court must be made acquainted with the reasons for the inadvertence and, if satisfactory, will act upon them and relieve from burdens caused by them; but, if the inadvertence is wholly inexcusable, as if it arises from gross negligence, the court will not look upon it kindly, and will have none of it.," (*Id.,* at p. 905, quoting *Shearman* v. *Jorgensen* (1895) 106 Cal. 483, 485 [39 P. 863], italics added.)

## II

Under section 473, a motion to set aside judgment must be made "within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken." ■ "While the determination of

reasonableness is largely for the trial court, the limitation is not perfunctory. The moving party has a double burden: He must show a satisfactory excuse for his default, and he must show *diligence* in making the motion after discovery of the default." (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 172, p. 575, italics added.)

■ Nothing in the record supports an inference that respondent exercised diligence in seeking relief after knowledge of the default. Although there are assertions in respondent's brief to the effect that Daughters unsuccessfully sought to contact appellant's counsel during the long hiatus between the October phone conversation and the March motion, these statements are not supported by any evidence in the record. ■ "The appellate court is . . . confined in its review to the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal." (9 Witkin, Cal. Procedure, *op. cit. supra,* Appeal, § 250, p. 256.) "Statements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded by this court on appeal. [Citations.]" *(Knapp* v. *City of Newport Beach* (1960) 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90]; see also *Davis* v. *Thayer, supra,* 113 Cal.App.3d 892, 912.)

■ The only evidence before the trial court that reflects on the degree of diligence exhibited by respondent is that (1) attorney Sullivan had received the July 18, 1986, letter advising him that respondent had been personally served and requesting a responsive pleading by September 1; (2) that respondent himself received the request for entry of default mailed to him on September 30, 1986; and (3) that in *October* 1986 respondent's counsel telephoned appellant's counsel during which the default was acknowledged. On this record,[2] neither respondent nor anyone else on his behalf did anything about the default until March 30, 1987. Thus, even if respondent's attorney left phone messages which were not responded to, no satisfactory reason has been given which explains a delay of nearly *six months* from the time respondent knew of the default to the application for relief. Unexplained delays of more than three months in seeking relief from default after knowledge of its entry generally result in denial of relief. (See *Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 529 [190 P.2d 593]; *Davis* v. *Thayer, supra,* 113 Cal.App.3d 892, 909; *Ludka* v. *Memory Magnetics International* (1972) 25 Cal.App.3d 316, 322 [101 Cal.Rptr. 615]; *A&B Metal Products* v. *MacArthur Properties* (1970) 11 Cal.App.3d 642, 649 [89 Cal.Rptr. 873].) Respondent, having waited almost twice that long

---

[2] Because of the scanty nature of the record on appeal (which consists solely of the appellant's appendix), we have examined the superior court file. It confirms that the only evidence offered on respondent's behalf was the terse, conclusory declaration referred to above.

to remedy the default after discovering its existence, cannot be said to have acted within a reasonable time.

## III

██ Respondent's motion to set aside the default judgment entered against him was based on the alleged "excusable neglect" of respondent's "former counsel." ██ "In general, a party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable 'because the negligence of the attorney . . . is imputed to his client and may not be offered by the latter as a basis for relief.' [Citations.]" (*Carroll* v. *Abbott Laboratories, Inc., supra,* 32 Cal.3d 892, 898.)

An exception to this general rule exists in " 'those instances where the attorney's neglect is of that extreme degree amounting to *positive misconduct,* and the person seeking relief is relatively free from negligence . . . . The exception is premised upon the concept the attorney's conduct, in effect, *obliterates the existence of the attorney-client relationship,* and for this reason his negligence should not be imputed to the client. [Citations.]' " (*Carroll, supra,* p. 898.)

██ The record sheds no light on the conduct of Mr. Sullivan (who is referred to in Daughters's declaration as respondent's "former counsel"), other than that he did not respond to appellant's written request for a responsive pleading and received notice of request for entry of default, before leaving the picture in October 1986. There is nothing before us which suggests "positive misconduct" so egregious as to obliterate the attorney-client relationship. Moreover, respondent himself cannot be said to be free from negligence since he knew about the default for several months and did nothing about it. Thus, the *Carroll* exception does not apply.

### DISPOSITION

The order is reversed.

Rouse, Acting P. J., and Benson, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 6, 1988.