Filed 6/17/15  Hustle Zombies Entertainment v. Collins CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| HUSTLE ZOMBIES ENTERTAINMENT LLC,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>JOSEPH COLLINS,<br><br>  Defendant and Respondent. | 2d Civil No. B259430<br>(Super. Ct. No. 56-2014-00448397-CU-CO-VTA)<br>(Ventura County)<br>MODIFICATION OF OPINION |

THE COURT;

The opinion filed herein on June 15, 2015 is modified as follows:

The Superior Court number should read 56-**2014-**00448397-CU-CO-VTA.

Filed 6/15/15 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| HUSTLE ZOMBIES ENTERTAINMENT LLC,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>JOSEPH COLLINS,<br><br>  Defendant and Respondent. | 2d Civil No. B259430<br>(Super. Ct. No. 56-2012-00448397-CU-CO-VTA)<br>(Ventura County) |

Appellant, Hustle Zombies Entertainment LLC, appeals from an order granting defendant's, Joseph Collins, motion to vacate a default and $2+ million default judgment. (Code Civ. Proc., § 473, subd. (b).)[1] We reverse because Collins failed to make any evidentiary showing of inadvertence, surprise, excusable neglect or mistake, which is a predicate for granting section 473 relief. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 624.)

*Facts and Procedural History*

On February 5, 2014, appellant sued Punch Television Network, Inc. (Punch) and its chief executive officer, Joseph Collins, for contract and tort damages based on appellant's contract to produce *Ratchet Queens,* a television reality show. The contract provided that Punch would pay appellant $2.1 million for the exclusive

---

[1] **All statutory references are to the Code of Civil Procedure.**

right to distribute three seasons of the television reality show. Collins signed the contract on behalf of Punch.

The complaint alleges that Punch defaulted on the first installment payment after appellant took out a $25,000 bridge loan, hired Tiffany Pollard to star in the series, incurred substantial production expenses, and produced the first television episode. The second and third causes of action for fraud and negligent misrepresentation allege that Collins and Punch fraudulently promised to pay $50,000 per episode, took a 15-day extension on the first installment payment, and never paid appellant.

Punch and Collins were personally served with the summons and complaint on March 5, 2014. Collins did not respond. After a default was entered on April 21, 2014, appellant obtained a $2,208,598.92 default judgment against Punch and Collins on May 27, 2014.

Acting in propria persona, Collins filed a June 13, 2014 motion to vacate the default and default judgment based on inadvertence, surprise, excusable neglect or mistake. (§ 473, subd. (b).) The motion states that Collins was "fully at fault and takes full responsibility for his negligence, and his failure to file his Answer . . . . " The moving papers, which lack a supporting declaration, state that Collins was not a party to the contract and that he rescinded the contract after learning that Tiffany Pollard was not under contract to star in the reality series. Appellant opposed the motion on the ground that it lacked a supporting affidavit as required by section 473, subdivision (b).

Granting the motion, the trial court vacated the default and default judgment as to Collins only. The default judgment against Punch (the corporation) was never set aside.

*Discussion*

"While section 473 authorizes a court to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, 'these words are not meaningless, and the party requesting such relief must *affirmatively show* that the

2

situation is one which clearly falls within such category.' [Citation.]" (*Kendall v. Barker, supra,* 197 Cal.App.3d at p. 624.) The burden of proof is on the moving party who must establish his position by a preponderance of the evidence. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62.) "[I]f a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion." (*Iott v. Franklin* (1988) 206 Cal.App.3d 521, 528.)

Collins argues that he promptly sought relief from default and that "very slight evidence" is required to set aside the default judgment. (See *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.) Collins, however, failed to file a supporting declaration or submit any evidence in support of his motion. "Slight evidence" means some evidence. Statements contained in a memorandum of points and authorities are not evidence and do not provide an evidentiary basis for granting section 473 relief. (See e.g., *Smith, Smith & Kring v. Superior Court* (*Oliver*) (1997) 60 Cal.App.4th 573, 578 [motion to recuse counsel].) "Where the moving party is responsible for the default, . . . declarations must be filed establishing that the 'mistake,' 'neglect,' etc. was *excusable*." (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (The Rutter Group 2014) ¶ 5:390, p. 5-101.)

A trial court may not set aside a default or default judgment simply because the opposing party has not been prejudiced. (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1187.) "The burden of proof on such a motion is on the moving party who must establish by a preponderance of the evidence. [Citations.]" (*Luz v. Lopes, supra,* 55 Cal.2d at p. 62.) Collins' motion, which was filed in propria persona, lacks a supporting declaration which is fatal to the motion and precludes section 473 relief. (*Kendall v. Barker*, *supra,* 197 Cal.App.3d 619, 624; 8 Witkin, Cal Procedure (5th. ed. 2008) Attack on Judgment in Trial Court, § 179, p. 779.) "The law does not entitle a party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413.)

**3**

The order vacating the default and default judgment is reversed. Appellant is awarded costs on appeal.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

**4**

Harry Walsh, Judge

Superior Court County of Ventura

_____

Rene Tovar, David J. Cohen; Tovar & Cohen, for Appellant.

Joseph Collins, in pro per, Respondent.