Filed 12/22/20  Cueva v. Hudson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARTHA CUEVA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ILEANA ZAMFIR HUDSON,<br><br>Defendant and Appellant. | B300658<br><br>(Los Angeles County<br>Super. Ct. No. 19STRO03931) |

APPEAL from an order of the Superior Court of Los Angeles County.  Gary D. Roberts, Judge.  Affirmed.

Ileana Zamfir Hudson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————————

Ileana Hudson appeals from a civil harassment restraining order entered against her. We find no error and affirm.[1]

## BACKGROUND

The record on appeal includes only the reporter's transcript from the hearing on respondent Martha Cueva's petition for a civil harassment restraining order and the order that the trial court issued following that hearing. We summarize the facts available from the reporter's transcript.

### 1. Hudson's Threat

Cueva is a teacher at the school that Hudson's children attend. At the time of the hearing, Cueva had a romantic relationship with Hudson's ex-husband (David). Cueva met David at the school.

Hudson was initially upset about the relationship. She spoke to the school principal, demanding that Cueva be removed from the school and accused Cueva and David of inappropriate conduct at the school. After a few days Hudson gave "her blessing" to the relationship. Cueva established a friendly relationship with Hudson's daughters.

However, an incident later occurred that caused Hudson to become angry. David had moved out of state, but returned for one of the daughter's school promotion day. Apparently Hudson believed that David was with Cueva and the daughter during that occasion. Hudson claimed that her daughter was upset.

---

[1] Hudson's brief states her name as Ileana Margareta Hudson, rather than Ileana Zamfir Hudson as it appears in the record from the trial court. Hudson requested that this court change her name in the caption on appeal. We have not done so because we use the names as they appear in the trial court record. This has no effect on the outcome of the appeal.

2

Hudson sent an e-mail to Cueva. Although the e-mail itself is not in the appellate record, the trial court quoted portions during the hearing.

The e-mail included the statement: " 'Stupid bitch. You hurt my girls. I'm coming for you. I'm coming for you. With everything I have. I'll get arrested but I'll fucking come for you.' " The e-mail also apparently said, " 'If I see your stupid face tomorrow, you better fucking run.' "

In addition to Cueva, Hudson later sent the e-mail to some of David's family members after Cueva had filed her request for the restraining order.

Hudson admitted that she sent the e-mail. She apologized and explained that she sent it "in a moment I lost my mind." She testified that she had never hurt anyone, and would not do so. She said that, when she sent the e-mail, she was exhausted, her child was acting out, and she was in pain from the situation involving the father.

Cueva testified that, despite Hudson's apology, she felt afraid. She believed that the e-mail was a threat. And Cueva was concerned that Hudson "may get a bit of fit of anger later and come after me."

## 2. The Restraining Order

The hearing on Cueva's request for the restraining order took place on July 8, 2019. Hudson and Cueva testified.

Following the hearing, the trial court entered an order against Hudson (Restraining Order). The Restraining Order precluded Hudson from harassing or contacting Cueva and three of her family members, and required Hudson to stay at least 100 yards away from those persons and from Cueva's workplace and home. The trial court ordered that the Restraining Order would

3

be in effect for one year, to expire (unless renewed) on July 8, 2020.[2] The trial court explained that it limited the order to one year, subject to a request for renewal, because of Hudson's apology.

## DISCUSSION

### 1. Hudson's Burden on Appeal

On appeal, this court presumes that a trial court's judgment is correct unless it is shown otherwise. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to show both that the trial court erred and that the error affected the outcome of the trial. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281–282 (*Shaw*).)

To do so, an appellant must "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) A point that is asserted without legal authority and without factual analysis that includes citations to the record may be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

To overcome the presumption that the appealed order is correct, an appellant must also present an adequate record. In the absence of a record supporting the appellant's arguments, this court is required to decide the issue against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362–1363 [judgment

---

[2] The appellate record does not show whether the Restraining Order was extended or whether it has now expired. In any event, we do not consider the appeal moot because Hudson claims that the order has affected her ability to obtain employment.

4

affirmed where the appellant did not provide a record on appeal including the evidence crucial to her argument].)

That Hudson is representing herself on appeal does not exempt her from the requirements of appellate practice.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)  A party who represents himself or herself " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "  (*Id.* at p. 1247.)

The absence of a brief from the respondent on appeal does not change these rules.  (See Cal. Rules of Court, rule 8.220(a)(2); *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203 ["we do not treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but independently examine the record and reverse only if prejudicial error is found"].)

Hudson's brief does not contain clearly stated arguments for reversal supported by citations to legal authority and the record.  The court has nevertheless attempted to discern Hudson's contentions from her brief and discusses those contentions below.  To the extent that Hudson intended to assert any other arguments, those arguments have been forfeited.

2.    **There Is No Record Support for Hudson's Argument that the Trial Court Improperly Considered False Evidence**

Hudson suggests that Cueva and others submitted false evidence in the trial court.  Although not completely clear, it appears that Hudson is referring to a letter that she received from the school district in which Cueva teaches.  She argues that some information in the letter concerning Hudson's name and address were incorrect.

5

The letter itself is not in the appellate record. Hudson also does not cite to any evidence in the record supporting her claim that the letter contained false information. We may not consider her unsupported argument attacking the motives of Cueva and others at the school in providing the letter. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 [statements in briefs based upon alleged facts not in the record are disregarded on appeal].) She has therefore failed to meet her burden as the appellant with respect to this argument.

Moreover, the reporter's transcript does not contain any objection by Hudson at the hearing to the trial court's consideration of this letter. If Hudson believed that the letter was false in some way, she was obligated to tell the trial court that. We may not reverse the trial court's ruling on the ground that the court improperly considered evidence if there was no objection to the evidence in the trial court. (Evid. Code, § 353, subd. (a).) A party who fails to raise an alleged error in the trial court generally forfeits the right to raise the alleged error on appeal. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264–265.) This rule exists to encourage parties to bring errors to the attention of the trial court so that they may be corrected. (*Ibid.*)

To obtain reversal, Hudson must also show that the alleged error affected the outcome of the hearing. (Evid. Code, § 353, subd. (b); (*Shaw, supra*, 170 Cal.App.4th at pp. 281–282.) She has not done so.

Hudson does not clearly identify what aspect of the letter was false. She apparently contends that the letter contained inaccurate information about her name and address. She does not provide any basis to conclude that such information, even if incorrect, was important for the trial court's ruling.

The important issue for the trial court was whether there was "a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subd. (b)(3).) A credible threat of violence on one occasion is sufficient ground to issue a restraining order if it is reasonably probable that harassment may occur in the future absent an order. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 502.) Thus, Hudson's threatening e-mail alone was sufficient to support the trial court's ruling.

That e-mail apparently was the critical factor in the trial court's decision. The trial court explained that it did not "have the slightest doubt there's absolutely clear and convincing evidence that a threat was made. Now, I understand what you said about—what [Hudson] said about that she didn't mean it. But a reasonable person would take it as a real threat." The trial court also cited "the whole course of conduct in terms of the conversations about [Cueva] with the former husband, with [Cueva's] employer, all of that was absolutely designed to harass [Cueva]." There is no indication in the record that the trial court relied on the allegedly false letter in deciding to issue the restraining order, much less that any particular alleged false information in the letter was a factor in the court's ruling.

Hudson's argument that Cueva submitted false evidence therefore provides no ground for reversal.

3. **Whether Persons at Cueva's School Have Complied With the Restraining Order Does Not Affect this Appeal**

Hudson argues that Cueva and two other school officials have violated the portion of the Restraining Order requiring

7

Hudson to remain 100 yards away, apparently by permitting her to drop her daughter off directly at the school. The argument does not provide any ground to reverse the trial court's order.

Whether other persons have failed to comply with the Restraining Order does not affect whether the trial court's decision to issue the order was proper. While the behavior of the beneficiaries of the order might be relevant to proceedings in the trial court concerning renewal, extension, or modification of the Restraining Order, those persons' conduct after the date of the order is not relevant to any argument on appeal that the trial court erred in issuing it.

In any event, there is no evidence in the record concerning this alleged conduct by Cueva and others. Again, we may not consider unsupported arguments on appeal, but may only consider facts that appear in the record. That rule is especially important for events that occur *after* the order that is the subject of appeal because appellate courts generally "consider only matters which were part of the record at the time the judgment was entered." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

4.     **There Is No Basis for Hudson's Claim that the Trial Court Was Biased**

Hudson complains that the trial court was biased against her. The record does not support her claim.

She argues that the trial judge interrupted her and believed Cueva rather than her. The record shows that the judge was patient and courteous in listening to the testimony of both parties. Moreover, Hudson's complaints would not support a finding of bias even if they were supported in the record. (See *People v. Guerra* (2006) 37 Cal.4th 1067, 1112 ["a trial court's

numerous rulings against a party—even where erroneous—do not establish a charge of judicial bias, especially when they are subject to review"].)

Hudson also argues that the trial court refused to hear testimony from Hudson's daughter because of the daughter's race. The argument is baseless. The trial court explained that the issues Hudson wished to have her daughter address related to questions of custody and visitation, which should be raised in her dissolution action and were not relevant to the proceedings on the Restraining Order. The record contains no support for Hudson's claim of racial bias.

## DISPOSITION

The order is affirmed. Cueva is entitled to her costs on appeal, if any.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

9