Filed 1/21/22  Cisse v. Nationstar Mortgage CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MAMADY B. CISSE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant and Respondent. | D077878<br><br><br>(Super. Ct. No. 37-2018-00002731) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquest, Judge.  Affirmed.

Mamady B. Cisse, in pro per., for Plaintiff and Appellant.

Akerman LLP, Justin D. Balser and Katalina Baumann; Troutman, Pepper Hamilton Sanders and Justin D. Balser, for Defendant and Respondent.

Mamady B. Cisse appeals from a judgment on his claims against Nationstar Mortgage LLC (Nationstar) related to a property he owned that was sold in foreclosure.  Cisse is self-represented.  In his appellate briefing he

asserts a bankruptcy stay foreclosed the judgment and he asks this court to enjoin the sale of the property, reverse the judgment, and order sanctions. Because Cisse raises no viable appellate arguments, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2004, Cisse obtained a mortgage from Plaza Home Mortgage in the amount of $300,000 that was secured by a deed of trust recorded against a property located at 17161 Alva Road, Unit 1318 in San Diego. Nationstar was the most recent servicer of the mortgage, and the loan was previously serviced by Bank of America, N.A. (Bank of America). Beginning in 2009, Cisse attempted to obtain a loan modification. He was not successful while the loan was serviced by Bank of America, but in 2015 was approved for a loan modification by Nationstar. However, he rejected the modification proposal and two later modification proposals offered by Nationstar.

During the same timeframe, Cisse defaulted on the mortgage. A notice of default and election to sell under the deed of trust were recorded on April 15, 2014. The property was scheduled for a foreclosure sale on August 29, 2014, but it was postponed as result of Cisse's bankruptcy filings and no foreclosure sale pursuant to the deed of trust ever occurred.

On September 20, 2017, the San Diego County Sherriff recorded a notice of levy against the property on behalf of the homeowners association (HOA) for the property. The notice of levy was recorded to satisfy a judgment in favor of the HOA. On December 21, 2017, the sheriff recorded a certificate of sale for the property stating it had been sold at foreclosure as a result of the HOA levy, subject to a three month redemption period expiring on March 19, 2018. On July 18, 2018, the sheriff recorded a sheriff's deed under writ of sale conveying title to another individual.

Prior to the recording of the sheriff's deed showing the conveyance of title, on January 18, 2018, Cisse filed the complaint underlying this appeal against Bank of America[1] and Nationstar. Cisse, who was not represented by counsel, alleged the defendants were liable for not offering a sufficient loan modification and placing him "in a tenuous position of losing the real property to a foreclosure . . . ." Cisse asserted causes of action for declaratory and injunctive relief, violation of the California Homeowner Bill of Rights, violation of the federal Home Affordable Modification Program, and an accounting.

After Nationstar demurred, Cisse filed a first amended complaint. Nationstar answered, and then filed a motion for judgment on the pleadings. Cisse failed to oppose the motion and did not appear at the hearing. The trial court granted Nationstar's motion without leave to amend and judgment was entered in Nationstar's favor on August 12, 2020. Cisse timely appealed.

DISCUSSION

Cisse argues in his short opening brief that a bankruptcy petition filed by a "Co-Owner" of the property, Marlyatou Bah, stayed the proceedings in the trial court and precluded the judgment against him. Cisse did not make this argument in the trial court, and the record shows the property at issue was held only in his name, "as his sole and separate property." Cisse also does not explain who Bah is.

Because he did not make this argument in the trial court, it was waived for purposes of appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Further, there is no evidence in the appellate record to support reversal based on a bankruptcy proceeding for an unknown

---

[1]     Bank of America was dismissed from the case after a successful motion for summary judgment on July 12, 2019, and is not a party to this appeal.

individual. (See *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 [" 'The appellate court is . . . confined in its review to the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal.' [Citation.] 'Statements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded by this court on appeal.' "].) Accordingly, we reject Cisse's challenge and affirm the judgment.

DISPOSITION

The judgment is affirmed. Respondent to recover costs of appeal.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

DO, J.