Filed 8/1/24  P. v. Samuelson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083857 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS269143) |
| LUCINA BELARMINO SAMUELSON, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lucina Belarmino Samuelson appeals from an order after a jury trial extending her commitment as a mentally disordered offender pursuant to Penal Code[1] sections 2970 and 2972.  Her counsel submitted a brief pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 and *People v. Taylor*

---

1    All further statutory references are to the Penal Code.

1

(2008) 160 Cal.App.4th 304 stating that he found no arguable issues on appeal. Samuelson was given the opportunity to submit a supplemental brief and then submitted two letters raising certain issues. As explained below, we conclude there is no reversible error and therefore affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Samuelson was convicted of various felony offenses, including a 2013 assault with a deadly weapon with personal infliction of great bodily injury against a person who had purchased her home at a foreclosure sale (§§ 245, subd. (a)(1), 12022.7, subd. (a)). The trial court sentenced her to a total term of five years in prison.

In 2018, Samuelson was committed to a state psychiatric hospital for three years as a mentally disordered offender pursuant to section 2962. In 2021, 2022, and 2023, her commitment to a state psychiatric hospital was extended for additional one-year periods pursuant to sections 2970 and 2972.

On November 20, 2023, the People filed a section 2970 petition to extend Samuelson's commitment to a state psychiatric hospital for an additional year beyond March 24, 2024. The petition alleged, among other things, that Samuelson was still suffering from a severe mental disorder which was not in remission and could not be kept in remission without treatment and, by reason of such mental disorder, she represented a substantial danger of physical harm to others within the meaning of section 2970 et seq.

At a jury trial on the petition, Samuelson, her hospital treating psychiatrist, her adult daughter, and a forensic psychologist testified. On March 15, 2024, the jury returned its verdict finding beyond a reasonable doubt that the petition's allegations were true. The trial court then issued an order extending Samuelson's commitment to a state hospital through

March 24, 2025, pursuant to sections 2970 and 2972. Samuelson appealed the order.

DISCUSSION

After Samuelson filed her notice of appeal, we appointed counsel to represent her on appeal. Her counsel submitted a brief pursuant to *Ben C.* and *Taylor*, describing the trial evidence and stating that he found no arguable issues on appeal.

On June 10, 2024, we issued an order stating that Samuelson's counsel had filed a brief stating that no arguable issues could be found and granting Samuelson 30 days to file a supplemental brief. On June 27, Samuelson filed a handwritten letter in which she stated, among other things, that she had bipolar disorder, but had learned to manage it using methods without medication.[2] In her letter, she specifically described how she manages her disorder (e.g., sleeps eight hours at night, drinks 60 to 100 ounces of water daily, exercises, practices self-love, and identifies early signs of her symptoms and gets professional help). She stated that both illegal and prescription drugs have side effects and that she wants to live drug free. She stated that she was "blessed" that her treating psychiatrist had discontinued Abilify for her disorder, citing the side effects she had suffered (i.e., involuntary movements of her face, mouth, hands, and feet).[3]

---

[2]    Although her letter's salutation was to her appointed counsel, her letter was addressed to, and received at, our business address. Construing her letter favorably to her, we treat her letter as a supplemental brief filed in support of her appeal.

[3]    To the extent Samuelson's letter referred to other matters that were not part of the record on appeal, we disregard those references and do not consider them in reaching our disposition of this appeal. (*Christ v. Schwartz*

3

On July 8, Samuelson filed a second handwritten letter in which she restated many of the same arguments that she made in her first letter.[4] The letter also referred to matters that apparently occurred after the instant trial and also attached a handwritten list of "certificates," none of which had been admitted in evidence at trial. To the extent her second letter refers to matters and/or documents that are not part of the record on appeal, we disregard those references and do not consider them in reaching our disposition of this appeal. (*Christ, supra*, 2 Cal.App.5th at p. 450, fn. 5; *Kendall, supra*, 197 Cal.App.3d at p. 625.)

Neither supplemental brief submitted by Samuelson expressly sets forth any specific argument that there was reversible error. However, by referring to and/or restating some of her testimony at trial, Samuelson's briefs appear to implicitly argue that substantial evidence does not support the order. In so arguing, she has the burden on appeal to show that substantial evidence does not support the order. "When a civil appeal challenges findings of fact, the appellate court's power begins and ends with a determination of whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.) The testimony of a single credible witness may constitute substantial evidence. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) If an appellant's brief cites only evidence favorable to the appellant and disregards evidence that supports a judgment, we may

_____

(2016) 2 Cal.App.5th 440, 450, fn. 5 (*Christ*); *Kendall v. Allied Investigations, Inc.* (1988) 197 Cal.App.3d 619, 625 (*Kendall*).)

[4] Again, although her letter's salutation was to her appointed counsel, her letter was addressed to, and received at, our business address. Construing her letter favorably to her, we treat her letter as a second supplemental brief filed in support of her appeal.

treat a substantial evidence argument as forfeited or waived and presume that the record contains evidence sufficient to support the judgment. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 (*Doe*).)

It may be said that Samuelson has forfeited or waived any substantial evidence argument on appeal by citing only evidence favorable to her and disregarding evidence that supports the order. (*Doe, supra*, 177 Cal.App.4th at p. 218.) Nevertheless, assuming she has not forfeited or waived that argument, we conclude that substantial evidence supports the order. In particular, the record shows that the forensic psychologist testified that she interviewed Samuelson, consulted her treatment team members, and reviewed her treatment records, probation report, and prior forensic evaluations. She considered Samuelson's history of violent behavior, which includes: (1) a 2011 incident during which Samuelson damaged a truck with a hammer; (2) a 2012 incident during which she cut a window screen with a knife and then cut her daughter's arm; (3) a July 2013 incident during which she waved a knife in a hotel lobby during a dispute with a hotel employee and then cut the tires of that employee's vehicle with the knife; and (4) the instant December 2013 incident during which she violated a court protective order by approaching her prior home, throwing a rock at its front door, and then stabbing its occupant with a pair of scissors. Although Samuelson took medication for her bipolar disorder for a period during the past year, she discontinued it because of side effects that she experienced and did not want to take medication anymore.

The forensic psychologist also utilized the HCR-20, a structured professional judgment tool, in evaluating the risk that Samuelson posed to others. She testified that Samuelson was not fully compliant with her

treatment plan and had not shown any prolonged psychiatric stability while at the state psychiatric hospital. She had serious concerns that on her release Samuelson, with reduced supervision, lower structure, reduced treatment, and no medication, would reoffend. The forensic psychologist testified that in her opinion Samuelson met all three criteria for a section 2972 commitment and, in particular, that she presently posed a substantial danger of physical harm to others because of her mental health disorder.

Based on the above testimony and other evidence in the record, we conclude there is substantial evidence to support the jury's true finding on the petition's allegations and the order extending Samuelson's commitment pursuant to sections 2970 and 2972.

In light of our analysis above, we decline to exercise our discretion to independently review the record on appeal for reversible error. (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 [in section 1172.6 resentencing case, when appointed counsel submits brief finding no arguable issues, appellate court must evaluate specific arguments in appellant's supplemental brief, but it need not independently review record on appeal to identify unraised issues].)

## DISPOSITION

The order extending Samuelson's commitment pursuant to sections 2970 and 2972 is affirmed.

KELETY, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

7