Filed 11/20/24  Johnson v. First District Appellate Project CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WAYNE JOHNSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FIRST DISTRICT APPELLATE PROJECT et al.,<br><br>    Defendants and Respondents. | A168243<br><br>(Alameda County Super. Ct. No. 22CV019086) |

Plaintiff Wayne Johnson brought a civil malpractice claim against the attorneys who represented him in a criminal appeal.[1]  After finding Johnson did not and could not allege "factual innocence," the trial court sustained a second demurrer without leave to amend and subsequently entered judgment in favor of Mark Johnson, William Capriola, J. Bradley O'Connell, and the First District Appellate Project (together, respondents).[2]  We affirm.

---

[1] Johnson also asserted claims against Franz Criego, who represented Johnson in the related criminal trial.  Criego responded to the complaint separately and is not a party to this appeal.

[2] To avoid confusion, we use Mark Johnson's full name.  Mark Johnson and Capriola are panel attorneys with the First District Appellate Project (FDAP) who appeared in Johnson's criminal appeal (No. A159389); O'Connell is FDAP's assistant director who "supervise[d]" Mark Johnson and Capriola.

## BACKGROUND

In 2019, a jury convicted Johnson of stalking in violation of a restraining order, domestic violence, and assault with a deadly weapon, after which the court sentenced Johnson to six years in prison. Respondents appealed on Johnson's behalf and raised "numerous arguments," including that Johnson's stalking conviction should be vacated because it was based upon a restraining order that had been subsequently deemed "void."[3] Our colleagues in Division One concluded that Johnson's conviction for stalking in violation of a restraining order must be modified, holding that "a person cannot be convicted of violating a court order that was unlawfully issued."[4] But rather than vacate, the Court of Appeal reduced the conviction "to a conviction of stalking in violation of Penal Code section 646.9, subdivision (a)" and remanded for resentencing, finding the stalking conviction was supported by substantial evidence but the "imposition of increased penalties under Penal Code section 646.9, subdivision (b) for stalking in violation of a restraining order amount[ed] to a sentencing error." The court separately denied Johnson's related petition for a writ of habeas corpus based upon a claim of ineffective assistance of counsel.

In September 2022, Johnson initiated the civil action underlying this appeal, asserting a claim for legal malpractice against respondents and

---

[3] In a separate 2020 appeal, Division Three of this court reversed the trial court's denial of Johnson's motion to quash a five-year restraining order and reinstated the temporary restraining order with instructions to conduct a new hearing. (*Cindy M. v. Johnson* (Jan. 3, 2020, No. A156075) [nonpub. opn.] (*Johnson I*).) We take judicial notice of the opinion on our own motion. (Evid. Code, § 452, subd. (d).)

[4] We take judicial notice of Division One's unpublished opinion: *People v. Johnson* (May 26, 2022, No. A159389) (*Johnson II*). (Evid. Code, § 459, subd. (a).)

2

alleging respondents "contributed to [Johnson] being denied an effective appeal" in *Johnson II*.

The complaint alleged that Mark Johnson "abandoned many critical appellate issues and his interpretation of the underlying facts . . . was not only incorrect, but also harmful to [Johnson's] appeal." After Johnson requested new counsel, FDAP assistant director O'Connell "appointed" Capriola "to raise additional issues" in Johnson's appeal, but instead, according to Johnson, Capriola "doubled down" on the incorrect understanding of the underlying facts, allegedly causing Johnson to lose "all the remainder of his valuable time that he could have devoted to filing additional writs." Johnson alleged that had respondents "made proper arguments" in *Johnson II*, "the Court of Appeal would have been forced to recognize them" and presumably vacate his convictions.

Respondents demurred to the complaint on the basis that Johnson failed to allege "actual innocence," a requisite element of an attorney malpractice claim. The trial court agreed, explaining that Johnson "has exhausted his post-conviction relief and cannot prove or plead actual innocence." Despite observing that Johnson "cannot allege a finding of actual innocence," the trial court granted Johnson "leave to try to do so."

In March 2023, Johnson filed a first amended complaint, retitling the malpractice claim as breach of fiduciary duties. The first amended complaint again alleged that had respondents "made proper arguments," the *Johnson II* court would have "been forced to recognize them," and added allegations about "an exception to the [actual innocence] rule when a criminal defendant sues his attorney for breach of his fiduciary duties . . . ."[5] The first amended

---

[5] In the initial and amended complaints, as examples supporting his malpractice and breach of fiduciary duty claims, Johnson alleged that while

3

complaint also included a new section titled "factual innocence," which asserted that Johnson "never assaulted anyone, and he never followed or harassed anyone." (Capitalization omitted.) "[E]ven though a jury found [Johnson] to be guilty," the first amended complaint alleged that Johnson "lost his case on a technicality, that being, the prosecution relying upon a void restraining order" and that Johnson "prevailed in proving the restraining order was void" in *Johnson I* "and therefore he is factually innocent of committing any offenses while a[n in]valid restraining order was in place."

As with the initial complaint, respondents demurred to the first amended complaint on the basis that Johnson failed to allege actual innocence. The court sustained the demurrer without leave to amend, explaining: "Although alleged as a 'breach of fiduciary duty' cause of action, the primary right alleged in the [first amended complaint's] third cause of action is founded in legal malpractice. Therefore, 'actual innocence is a necessary element of the plaintiff's cause of action.' (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 545.) Plaintiff Wayne Johnson cannot allege factual innocence."

On July 5, 2023, the court entered judgment, dismissing respondents with prejudice. Johnson timely appealed.

## DISCUSSION

Johnson presents two issues on appeal. Johnson frames the first issue as whether Mark Johnson "breached his fiduciary duty" to Johnson. Second,

---

incarcerated, Mark Johnson discussed Johnson's "case openly over the regular inmate telephone lines that are known to be both tapped and delivered to the Attorney General's Office" and "made ridiculously false representations over the tapped line that the introduction of the void restraining order was inconsequential."

4

Johnson asks us to overturn *Wiley v. County of San Diego*, *supra*, 19 Cal.4th 532 (*Wiley*), which he argues encourages the ongoing violation of a criminal defendant's rights under the Sixth Amendment to the United States Constitution. We interpret these arguments to challenge the trial court's order sustaining the demurrer without leave to amend.

In reviewing a trial court's ruling on a pleading challenge, we give the complaint a reasonable interpretation, accepting as true all properly pled facts " 'but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see also *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20 [rejecting "assertions contradicted by judicially noticeable facts" in reviewing a pleading challenge].) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank*, at p. 318.)

"In civil malpractice cases, the elements of a cause of action for professional negligence are: '(1) the duty of the attorney to use such skill, prudence and diligence as members of the profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage. [Citations.]' " (*Wiley*, *supra*, 19 Cal.4th at p. 536.) "In criminal malpractice cases, the clear majority of courts," including California courts, "also require proof of actual innocence as an additional element." (*Id.* at pp. 536–537, citing authority; *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1200 (*Coscia*).) An "intact conviction precludes recovery in a legal malpractice action," and "a plaintiff must obtain postconviction relief in the form of a final disposition of

5

the underlying criminal case . . . as a prerequisite to proving actual innocence in a malpractice action against former criminal defense counsel." (*Coscia*, at pp. 1204, 1205.)

Here, Johnson does not and cannot allege actual innocence. While Johnson disputes the facts at trial and *Johnson II*'s affirmance of his convictions, the first amended complaint alleges that "a jury found [Johnson] to be guilty" and that he "lost" on appeal. Indeed, the Court of Appeal in *Johnson II* affirmed Johnson's convictions as modified, denied his petition for rehearing, issued remittitur, and denied Johnson's motion to recall remittitur. Still, Johnson "continually sought redress by seeking review by the California Supreme Court," but Johnson acknowledges the "arguments fell on deaf ears."[6] As such, Johnson's convictions remain intact, and the first amended complaint cannot allege actual innocence. Moreover, Johnson fails to satisfy his burden of proving a reasonable possibility of curing the defect by amendment. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) Aside from attacking the appellate opinion in *Johnson II*, Johnson makes no effort to demonstrate a possibility of alleging actual innocence. (*Genis v. Schainbaum* (2021) 66 Cal.App.5th 1007, 1015 ["When it is clear the plaintiff cannot in good faith plead factual innocence or exoneration, leave to amend the complaint should not be granted"].) Accordingly, we find no error in sustaining the demurrer without leave to amend.

Johnson attempts to avoid the actual innocence requirement by arguing that his claim for breach of fiduciary duty is different from a malpractice claim and is exempt from the actual innocence requirement

---

[6] On our own motion, we take judicial notice of Johnson's petition for writ of mandate/prohibition in No. S276932 and his petition for review in No. S279161, which Johnson references in his briefing; both were denied. (Evid. Code, § 452, subd. (d).)

6

under *Bird, Marella, Boxer & Wolpert v. Superior Court* (2003) 106 Cal.App.4th 419 (*Bird*). Johnson misreads *Bird*.

*Bird* held that a criminal defendant may sue counsel "to enforce the primary rights to be billed in accordance with the retainer agreement and to be free from unethical or fraudulent billing practices" without pleading and proving actual innocence. (*Bird*, *supra*, 106 Cal.App.4th at p. 432.) The court distinguished this type of "fee dispute" from the malpractice claims in *Wiley*, *Coscia*, and *Lynch v. Warwick* (2002) 95 Cal.App.4th 267, which involved the primary right "to competent legal representation." (*Bird*, at pp. 424–427.) Although *Bird* does acknowledge "[c]ourts in other states . . . have recognized the [actual innocence] rule does not automatically apply to every dispute between a convicted client and former counsel" (*id.* at p. 429, citing *Morris v. Margulis* (Ill. App. Ct. 1999) 718 N.E.2d 709), *Bird* did not adopt *Morris*[7] or otherwise create an exception for such claims beyond the exception for billing-related disputes, nor does Johnson cite any California authority creating a broader exception.[8]

---

[7] Notably, on review, the Illinois Supreme Court found the claim for breach of fiduciary duty time barred and reversed the appellate court. (*Morris v. Margulis* (Ill. 2001) 754 N.E.2d 314, 320.)

[8] Johnson does cite *Labovitz v. Feinberg* (Mass. App. Ct. 1999) 713 N.E.2d 379, a Massachusetts appellate decision that is not binding on us. (*People v. Lopez* (2019) 8 Cal.5th 353, 379 [" 'holdings from other states are not controlling' "].) The court in *Labovitz*, at page 382, did not rely on the plaintiff's failure to plead actual innocence, instead deciding the case "primarily on the basis of Labovitz's failure to sustain his summary judgment burden." Since then, the California Supreme Court has cited *Labovitz* as an example of "the numerous jurisdictions that have . . . required appellate or other postconviction relief as a predicate to recovery in a criminal malpractice action." (*Coscia*, *supra*, 25 Cal.4th pp. 1201–1202, fn. 2.) Thus, even if *Labovitz* had precedential value, it does not support Johnson's argument.

7

Contrary to Johnson's argument, a proper reading of *Bird* supports application of the actual innocence requirement to Johnson's claim. Unlike *Bird*, the matter before us is not a fee dispute; Johnson does not challenge the "*quantity*" of respondents' work such as by asserting respondents charged Johnson " 'for work [respondents] did not perform; grossly overcharg[ed Johnson] for work they did perform,' " or otherwise inflated or padded their time records. (*Bird, supra*, 106 Cal.App.4th at p. 429.) Rather Johnson challenges the "*quality* of the work*" by alleging that respondents failed to make "proper arguments" before the Court of Appeal in *Johnson II*, thereby bringing his claim outside the narrow exception in *Bird*. (*Ibid*. [ordering the trial court to strike allegations implicating "the quality of the legal services provided"].) Also, unlike *Bird*, the primary right Johnson asserts is the right to competent representation. The first amended complaint alleges that Mark Johnson and Capriola "were obligated to raise all arguable appellate issues" and their failure to do so denied Johnson a fair appeal. Thus, by claiming that respondents' "conduct caused him to lose meritorious defenses," Johnson puts "his guilt or innocence in issue," thereby implicating "the same public policy considerations and 'pragmatic difficulties' which underlie the actual innocence requirement." (*Bird*, at p. 426, quoting *Lynch, supra*, 95 Cal.App.4th at p. 272.)

We turn next to Johnson's second argument on appeal: that "there is a good faith argument for overturning the *Wiley* case" and that following *Wiley* would violate Johnson's rights under the Sixth Amendment to the United States Constitution. (Capitalization omitted.) We reject both assertions.

"Under the doctrine of stare decisis," decisions of the California Supreme Court "are binding upon and must be followed by all the state courts of California," including this court. (*Auto Equity Sales, Inc. v. Superior*

8

*Court* (1962) 57 Cal.2d 450, 455.) "Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court." (*Ibid.*, citing cases.) *Wiley*, which the California Supreme Court reaffirmed in 2001, remains good law that is both binding and controlling here. (*Coscia*, *supra*, 25 Cal.4th at p. 1205.)

Further, "the Sixth Amendment applies exclusively to 'criminal prosecutions' (U.S. Const., 6th Amend.)" and " 'does not govern civil cases.' " (*Conservatorship of Joel E.* (2005) 132 Cal.App.4th 429, 435; *In re M.P.* (2013) 217 Cal.App.4th 441, 457, quoting *Turner v. Rogers* (2011) 564 U.S. 431, 441.) In the criminal context, the Sixth Amendment guarantees the right to effective assistance of counsel, and "any lapse" in the effective assistance of counsel "can be rectified through an array of postconviction remedies, including appeal and habeas corpus," which Johnson unsuccessfully pursued. (*Wiley*, *supra*, 19 Cal.4th at p. 542.) Accordingly, requiring Johnson to plead the elements of a malpractice claim under *Wiley* does not violate his Sixth Amendment rights.

The remainder of Johnson's arguments take issue with the underlying criminal trial and related appeal. We decline to substantively address them for a variety of reasons. First, Johnson appeals from the dismissal of his civil claim, thus Johnson's challenges to the merits of the underlying criminal proceedings—which have already been addressed in *Johnson II*—are beyond the scope of this appeal.[9] (Code Civ. Proc., § 906.)

_____

[9] Johnson argues he "is not re-trying his case," but rather laying "a foundation for overturning the *Wiley* decision. . . ." Be that as it may, Johnson's arguments are not supported by appropriate citations. In Johnson's roughly 50 pages of briefing, there appear to be only 11 citations to the record in this action, which are all contained within the first two pages of

Second, Johnson's argument deriding the justice who authored *Johnson II* is not well taken. (*In re S.C.* (2006) 138 Cal.App.4th 396, 412 ["unwarranted personal attacks . . . are inappropriate and may constitute misconduct"].) We find no support in the record for Johnson's claims of bias or misconduct, nor are such assertions relevant to his malpractice claim.

Because Johnson fails to state a cause of action for malpractice (or breach of fiduciary duty) under *Wiley*, we do not reach respondents' argument regarding quasi-judicial immunity.

## DISPOSITION

The judgment of dismissal is affirmed. In the interests of justice, the parties are to bear their own costs of appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

Johnson's opening brief. An appellant's brief "must" contain support for "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears," and we may ignore unsupported assertions. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970 [statements in briefs—"whether factual or procedural and no matter where in the brief the reference to the record occurs"—must be supported by citations to the record]; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 [" 'Statements of alleged fact in the briefs on appeal which are not contained in the record . . . will be disregarded by this court on appeal' "].)

_____
DESAUTELS, J.

We concur:

_____
STEWART, P. J.

_____
MILLER, J.

*Johnson v. First District Appellate Project et al.* (A168243)