Filed 4/3/26  Padilla v. Hernandez CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ASHLEY PADILLA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FELIX HERNANDEZ, <br><br> Defendant and Appellant. | F089048 <br><br> (Super. Ct. No. 22CECG01788) <br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Ashley Padilla, in pro. per., for Plaintiff and Respondent.

Felix Hernandez, in pro. per., for Defendant and Appellant.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Meehan, J.

Defendant and appellant, Felix Hernandez,[1] in propria persona, appeals a civil judgment of $107,000 entered against him in favor of plaintiff and respondent, Ashley Padilla. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Our recitation of the facts and procedural history of this case is inhibited by the inadequacy of the record on appeal as will be further discussed below. We provide the limited background that may be gleaned from the record.

On February 12, 2022, respondent, a 19-year-old female, suffered multiple dog bites to her face, arms, and legs. She had lacerations to her face, a partial amputation of her left ring finger, and significant soft tissue defects in her lower extremities resulting in exposed subcutaneous fat and muscle. The dogs attacked respondent at Centinela Tire Shop located in Fresno. The Fresno Police were dispatched to the scene. Johnathan Hernandez reportedly told the police he owns Centinela Tire Shop. He had two pit bulls locked behind the property's gate watching the business. Respondent jumped over the fence to use the bathroom inside the shop when she was attacked by the pit bulls. Respondent was transported by ambulance to a hospital in Fresno. She was admitted to the hospital that day and discharged on February 14, 2022. Respondent subsequently received additional medical treatment for her injuries.

On June 10, 2022, respondent filed an unlimited civil complaint against appellant, Johnathan, and Centinela Tire Shop. The complaint is not in the record. Appellant purportedly operated the Centinela Tire Shop at the time of the dog attack. The record indicates respondent brought at least four causes of action against appellant and Johnathan but does not reveal the specific claims she alleged.

---

[1]     More than one party has the surname Hernandez. We refer to Felix Hernandez as "appellant," and Johnathan Hernandez as "Johnathan" for clarity. No disrespect is intended.

The matter proceeded to a bench trial on October 14, 2024. None of the parties were represented by an attorney at trial and no court reporter transcribed the proceedings. Witness testimony was taken and exhibits from respondent admitted into evidence. The record does not show appellant offered any exhibits at trial. The trial court found in favor of appellant on two causes of action but in favor of respondent on two other causes of action. Judgment was entered that day in respondent's favor against appellant in the amount of $107,000.

Appellant filed a timely notice of appeal.

## DISCUSSION

Both parties are unrepresented on appeal as they were before the trial court. The rules of appellate procedure apply with equal force to those who represent themselves. "[S]elf-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.) "A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "Appellants fail to carry the burden of affirmatively demonstrating error if they, among other things, do not provide an adequate record on appeal or do not comply with certain briefing requirements in California Rules of Court, rule 8.204." (*Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546.) An appellant's failure to provide an adequate record on an issue requires the reviewing court to resolve the issue against the appellant. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

3

The record on appeal consists of only the clerk's transcript. The trial was not transcribed by a court reporter and the record does not indicate appellant requested a statement of decision, nor did appellant submit an approved or settled statement. "A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik*, *supra*, 247 Cal.App.4th at p. 574.) Because the record is limited to the clerk's transcript, we treat this as an appeal " 'on the judgment roll,' to which the following rules apply: ' "Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment [or order] on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment [citation] [citation] … and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it …." ' " (*Id.* at pp. 574–575.) In a judgment roll appeal, "we ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings." ' [Citation.] Our review is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324–325.)

Appellant attached photographs and documents to his opening brief. Respondent takes issue with submission of these attachments as "unfair." The record does not reflect any of the attached items were presented to the trial court. We are confined to considering only what was presented by the parties to the court below and cannot consider additional information presented to us for the first time on appeal. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.) Because appellant's attachments were not presented to the court, we disregard them. (*AREI II Cases* (2013) 216 Cal.App.4th 1004, 1021 [appellate review is limited to the record before the trial court at the time it made the challenged ruling].)

The limited record before us significantly hinders our understanding of the controversy between the parties.  A copy of the complaint is not in the record and nothing in the clerk's transcript specifies which causes of action respondent pleaded against appellant.  None of the briefing reveals respondent's claims.  Appellant's opening brief does not include a procedural history of the case or clarify the causes of action that were alleged.  Respondent filed a one-page letter essentially asking the judgment be affirmed.  Appellant did not file a reply brief.  We presume respondent alleged some form of negligence on appellant's part caused her injuries from the dogs, but we decline to speculate on what theories of negligence she pursued.

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)  "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.)  An appellant's opening brief must address each claimed error under a clearly identified heading and support each point by argument.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  The appellant must "articulate and support his own arguments on appeal in a manner that will make them susceptible of rational evaluation by this court." (*Dahms v. Downtown Pomona Property & Business Improvement Dist.* (2009) 174 Cal.App.4th 708, 719.)  "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700.)  An appellate brief must also support factual assertions by providing appropriate references to the record including exact page references. (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 284; Cal. Rules of Court, rule 8.204(a)(1)(C).)

Here, appellant's brief contains no legal analysis and no legal citations in support of his arguments. His brief has no headings identifying the issues raised on appeal and no citations to the record. In his brief and at oral argument, appellant disputes whether he operated the tire shop at the time of respondent's injuries and if the subject dogs belonged to him. He also focuses on respondent's conduct before the dogs attacked her and how she came to be on the property. Rather than demonstrate reversible error, appellant merely attempts to relitigate the case on appeal. The judgment is presumed to be correct on appeal, and appellant has not demonstrated otherwise.

We are sympathetic to appellant and the burden he asserts the judgment has placed upon him. We are, however, bound by the law and the limited record to conclude no grounds for reversing the judgment have been shown. In the absence of reversible error, the judgment must be affirmed.

## **DISPOSITION**

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)